UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
:
VELMA GRIFFITHS, :
:
    Plaintiff, : ORDER ADOPTING REPORT
: AND RECOMMENDATION
: 10-CV-3101 (JFB)(GRB)
    – against – :
:
MARYSE FRANCILLON, :
:
    Defendant. :
:
---------------------------------X

JOSEPH F. BIANCO, District Judge:

On July 7, 2010, plaintiff filed the complaint in this action against defendant Maryse Francillon ("Francillion" or "defendant"). The Court ordered that plaintiff was to submit a letter by July 19, 2012, explaining why the matter should not be dismissed for failure to satisfy the amount in controversy requirement of 12 U.S.C. 1332(a). Plaintiff's counsel submitted a letter dated July 29, 2010 that indicated that the amount in controversy, excluding costs, disbursements and reasonable legal fees, was $241,800.00, and that the amended complaint would be submitted within 10 days. Plaintiff filed the amended complaint on August 3, 2010. Plaintiff served defendant with a copy of the summons and amended complaint on September 8, 2010. Defendant, however, failed to answer or appear in this action. On November 15, 2010, plaintiff moved for default judgment against defendant. On June 10, 2011, the Clerk of the Court noted the default of defendant. By Order dated October 11, 2011, the Court ordered that defendant respond in writing within ten days as to why default judgment should not be entered. Defendant did not respond. On November 7,

1

2011, the Court entered a judgment of default in favor of plaintiff Velma Griffiths and against defendant Maryse Francillon, and referred the calculation of damages to Magistrate Judge Arlene Lindsay for a report and recommendation. By Order dated November 10, 2011, Magistrate Judge Lindsay directed that plaintiff was to file papers in support of its damages claim by January 10, 2012 and that defendant may submit opposition papers by January 24, 2012. The case was subsequently reassigned to Magistrate Judge Gary R. Brown on November 18, 2011. Neither plaintiff nor defendant complied with the Magistrate Judge Lindsay's November 10, 2011 Order, nor has either party contacted the Court.

On January 30, 2012, Magistrate Judge Brown issued a Report and Recommendation (the "R&R"), recommending that no damages be awarded to plaintiff. (*See* R&R, at 3.) The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days. (*See* R&R, at 4.) No objections have been filed to date, although the date for filing such objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005)

2

(citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety.[1] The Court will issue a default judgment accordingly and close the case.

IT IS FURTHER ORDERED that plaintiff serve a copy of this Order on defendant.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:  April 13, 2012
        Central Islip, NY

---

[1] Even under a de novo standard of review, the Court would adopt the R&R in its entirety for the same reasons contained in the R&R.